IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>PEDRO GERARDO ROSAS ALVARADO, Individually and dba ROSAS CARPETS,<br><br>    Defendant.<br>_____/ | No. 09-02552 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT |

On June 2, 2010, Defendant Pedro Gerardo Rosas Alvarado moved to set aside the default judgment, which was entered December 31, 2009. Plaintiffs oppose the motion. Having considered all of the papers filed by the parties, the Court GRANTS Defendant's motion.

BACKGROUND

The Court will not repeat many of the underlying facts of this case, which were detailed in Magistrate Judge Spero's well written Report and Recommendation Re Plaintiffs' Motion for Default Judgment. Docket No. 32.

In short, Plaintiffs filed this action on June 8, 2009. Plaintiffs allege that Defendant, as an ERISA employer, failed to pay various contributions into ERISA trust funds. Defendant was

personally served on June 15, 2009 and the proof of service was filed with the Court on June 22, 2009. Docket No. 5. The summons served upon Plaintiff stated, "If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint." Defendant failed to plead, defend or appear in this matter. Pursuant to Plaintiffs' request, the clerk entered default against Defendant on July 10, 2009. On August 26, 2009, Plaintiffs filed their motion for entry of default judgment and Magistrate Judge Spero issued his Report and Recommendation on the motion on December 3, 2009. The Court adopted his Report and Recommendation in full and entered default judgment in favor of Plaintiffs. The Court awarded Plaintiffs $26,840.16 in unpaid contributions; $2,684.06 in liquidated damages; $2,006.98 in interest; $2,480 in audit fees; $3,033 in attorneys' fees; and $581 in costs. To date, Plaintiffs have been able to collect $21,000.97 of the judgment.

DISCUSSION

For good cause shown, the district court may set aside a default judgment. <u>Franchise Holding II LLC v. Huntington Rests. Group, Inc.</u>, 375 F.3d 922, 925 (9th Cir. 2004). Federal Rule of Civil Procedure 60(b)(1), the subsection pertinent here, grants district courts discretion to relieve a party from a judgment or order for reason of "mistake, inadvertence, surprise or excusable neglect," provided that the party moves for such relief not more than one year after the judgment was entered.

In applying the general terms of Rule 60(b) to default judgments, the Ninth Circuit "has emphasized that such judgments are 'appropriate only in extreme circumstances; a case should,

2

whenever possible, be decided on the merits.'" <u>TCI Group Life Ins. Plan v. Knoebber</u>, 244 F.3d 691, 696 (9th Cir. 2001) (quoting <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir. 1984) (per curiam). Thus, the finality interest in a judgment "should give way fairly readily, to further the competing interest in reaching the merits of a dispute." <u>Id.</u> Three factors govern the vacating of a default judgment under Rule 60(b): "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening the default judgment would prejudice the plaintiff." <u>Id.</u> The party seeking to vacate a default judgment bears the burden of demonstrating that these factors favor vacating the judgment. <u>Id.</u>

A.  Culpable Conduct

Defendant claims that he did not engage in culpable conduct leading to the default judgment. He asserts that, prior to the litigation, he received numerous letters from Plaintiffs' counsel asking for payments. Alvarado Decl. ¶ 7. After Plaintiffs' counsel refused to accept Defendant's explanations for why he did not owe any money, Defendant stopped opening mail from the law firm, assuming that they were simply more demand letters. <u>Id.</u> He claims that he had no reason to suspect that the envelopes Plaintiffs' counsel sent him after the filing of this lawsuit contained important information about the case. He assumed that information about the case would come directly from the Court. It was not until Defendant met with an attorney at the Legal Help Center, a Volunteer Legal Services Program (VLSP) offered by the Bar Association of San Francisco, that he learned that the Court

3

would not mail him any documents.  Defendant is not a native English speaker and he has difficulty reading and writing in English.  Although he is a pro se Defendant, VLSP helped him write this motion.

Defendant does not dispute that he was adequately served with the complaint and service of process in this case.  Nor does Defendant dispute that he was notified that failure to respond to the complaint would result in a default judgment.  "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not 'intentional' under our default cases, and is therefore not necessarily -- although it certainly may be, once the equitable factors are considered -- culpable or inexcusable."  TCI, 244 F.3d at 697-98.  Generally, a defendant's conduct is culpable "where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond."  Id. at 697.

Here, Defendant claims that his inexperience with the legal system, difficulty comprehending English and past history with Plaintiffs' counsel led him to believe that he did not need to address any correspondence that did not come from the Court.  While the summons did inform Defendant of his duty to answer the complaint, given his language difficulty and lack of counsel, the Court gives him the benefit of the doubt and concludes that his conduct is not culpable.

4

B.   Meritorious Defense

A defendant seeking to vacate a default judgment must present specific facts that would constitute a defense. See Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969). However, the burden to present an adequate defense "is not extraordinarily heavy." TCI, 244 F.3d at 700. Here, Defendant has met this burden.

Plaintiffs claim that, when Kyn/Hill hired Defendant to install flooring for Tri-Valley Orthopedic Specialists, Inc., Defendant employed several workers to help him complete the job. The contract between Kyn/Hill and Defendant states that "skilled installation craftsmen, hereinafter 'Installers,' will be employed" by Defendant. Alvarado Decl., Ex. A. Plaintiffs claim that, as an employer, Defendant owes contributions to an ERISA trust fund.

Defendant asserts that he does not meet the definition of an employer under ERISA. 29 U.S.C. § 1002(5) ("The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity."). Defendant claims that, although the contract with Kyn/Hill states that he "employed" Installers, he merely supervised them. He claims that he had no control over when and how long Installers worked, he couldn't assign Installers work beyond the flooring job and he had no control over how much or when Installers were paid. Accordingly, under the lenient standard for setting aside a default judgment, Defendant has alleged facts sufficient to present a meritorious defense.

However, the Court notes that Plaintiffs have presented

5

persuasive arguments that Defendant's case lacks merit. For instance, Defendant signed a collective bargaining agreement, which clearly requires employers and contractors to pay contributions to the trust funds for the hours worked by employees and subcontracted individuals. If Defendant continues to contest the case and loses, he will be liable for damages and Plaintiffs' increased attorneys' fees too.

C. Prejudice to Plaintiffs

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." TCI, 244 F.3d at 701. Merely being forced to litigate on the merits cannot be considered prejudicial for purposes of lifting a default judgment. A default judgment in this case would give Plaintiffs "something of a windfall by sparing [them] from litigating the merits of [their] claim because of [their] opponent's failure to respond; vacating the default judgment merely restores the parties to an even footing in the litigation." Id. Here, Plaintiffs' ability to pursue their claim would not be hindered if the Court were to set aside the default judgment.

CONCLUSION

For the foregoing reasons, the Court grants Defendant's motion to set aside the default judgment. Docket No. 43. Defendant shall respond to Plaintiffs' complaint within fourteen days from the date of this order. Failure to do so in a timely matter will result in reinstatement of the Court's Order of Default Judgment and Judgment. Defendant must promptly respond to all future correspondence and comply with all procedural deadlines. The

6

parties shall appear for a Case Management Conference on September 14, 2010 at 2:00 p.m.  The parties shall file a Joint Case Management Statement on or before September 7, 2010.  The Statement shall address, among other things, a schedule for proceeding with the action.

IT IS SO ORDERED.

Dated: 07/13/10

CLAUDIA WILKEN
United States District Judge