IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL 16 NORTHERN CALIFORNIA HEALTH AND WELFARE TRUST FUND, et al.,

    Plaintiffs,

  v.

PEDRO GERARDO ROSAS ALVARADO, Individually and dba ROSAS CARPETS,

    Defendant.

No. 09-cv-02552

ORDER DENYING APPOINTMENT OF COUNSEL

    Defendant Pedro Gerardo Rosas Alvarado has filed a petition for appointment of counsel. Plaintiffs have brought suit against Defendant for failure to make timely contributions and pay union dues to Plaintiffs. The Court DENIES Plaintiff's petition.

    There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). Title 28 U.S.C. § 1915 confers on a district court the power to "request" that counsel represent a litigant who is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(1). This does not give the courts the power to make "coercive appointments of counsel." Mallard v. United States Dist. Court, 490 U.S. 296, 310 (1989).

    Even if § 1915 were to apply, the Court may ask counsel to represent an indigent litigant under only in "exceptional circumstances," the determination of which requires an evaluation

of both (1) the likelihood of success on the merits and (2) the ability of the litigant to articulate his claims pro se in light of the complexity of the legal issues involved. <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915. <u>Wilborn</u>, 789 F.2d at 1331. Neither the need for discovery, nor the fact that the pro se litigant would be better served with the assistance of counsel, necessarily qualify the issues involved as complex. <u>Id.</u> Denial of a motion for appointment of counsel under 28 U.S.C. § 1915 is not a final appealable order. <u>See</u> <u>Wilborn</u>, 789 F.2d at 1330.

    Defendant has failed to demonstrate exceptional circumstances that warrant appointment of counsel. The issues presented in this case are not complex. Without assistance from counsel, Defendant successfully filed a motion to set aside judgment, which the Court granted. Furthermore, it is not apparent that his defense has merit.

    For the foregoing reasons, the Court DENIES Defendant's petition for appointment of counsel as set forth above.

    IT IS SO ORDERED.

Dated: 1/14/2011

CLAUDIA WILKEN
United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DISTRICT COUNCIL,

        Plaintiff,

v.

PEDRO GERARDO et al,

        Defendant.

Case Number: CV09-02552 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 14, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Pedro Gerardo Rosas Alvarado
801 Woodside Rd., Suite 8
Redwood City, CA 94061

Dated: January 14, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

3